Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000651
30-JUN-2021
07:51 AM
Dkt. 70 SO

NO. CAAP-19-0000651

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
DAVID R. KASTY, also known as DAVID KASDY, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 1PC161000403)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Defendant-Appellant David Kasty (**Kasty**) appeals from the May 1, 2019 Judgment of Conviction and Probation Sentence; Notice of Entry (**Judgment**), as amended by the August 12, 2020 Amended Judgment of Conviction and Probation Sentence; Notice of Entry (**Amended Judgment**) and the June 23, 2021 Second Amended Judgment of Conviction and Probation Sentence; Notice of Entry (**Second Amended Judgment**), all entered by the Circuit Court of the First Circuit (**Circuit Court**).[1]

---

[1]     The Honorable Faʻauuga L. Toʻotoʻo presided.

On March 15, 2016, Kasty was charged via Felony Information with the offense of Assault in the Second Degree in violation of Hawaii Revised Statutes (**HRS**) § 707-711(1)(a), (b) and/or (d) (2014).[2]  A jury found Kasty guilty of Assault in the Second Degree based on Dangerous Instrument (HRS § 707-711(d)) and Substantial Bodily Injury (HRS § 707-711(a) or (b)).

Kasty raises two points of error on appeal, contending that:  (1) the Circuit Court plainly erred when it allowed the jury to consider Kasty's statement that he stabbed his wife when the State failed to introduce any admissible evidence from which the jury could have concluded that the stabbed person (**SP**) was his wife; and (2) there was a lack of substantial evidence to support Kasty's conviction of Assault in the Second Degree.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

---

[2]	At the time of the incident, HRS § 707-711 provided, in relevant part:

> **§ 707-711  Assault in the second degree**.  (1) A person commits the offense of assault in the second degree if:
>
> > (a)	The person intentionally or knowingly causes substantial bodily injury to another;
> >
> > (b)	The person recklessly causes serious or substantial bodily injury to another; [or]
> >
> > . . . .
> >
> > (d)	The person intentionally or knowingly causes bodily injury to another with a dangerous instrument[.]

the arguments advanced and the issues raised by the parties, we resolve Kasty's points of error as follows:

(1) Kasty argues, citing Hawaiʻi Rules of Evidence (**HRE**) Rule 104(b), that because the State never proved that SP was his wife, the Circuit Court plainly erred when it allowed the State to introduce Kasty's statement to Honolulu Police Department (**HPD**) Sergeant Roger Nitta (**Sergeant Nitta**) that: "I stabbed my wife."

HRE Rule 104(b) provides:

> Relevancy conditioned on fact. When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.

Kasty contends that his statement that he stabbed his wife is relevant to prove identity and state of mind, but only if the State proved that SP was his wife.

This argument is without merit. HRE Rule 401 provides:

> **Rule 401 Definition of "relevant evidence".** "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

HRE Rule 402 provides:

> **Rule 402 Relevant evidence generally admissible; irrelevant evidence inadmissible.** All relevant evidence is admissible, except as otherwise provided by the Constitutions of the United States and the State of Hawaii, by statute, by these rules, or by other rules adopted by the supreme court. Evidence which is not relevant is not admissible.

The fact that Kasty was or was not married to SP is not determinative here. The State was not required to prove that they were in fact married. Kasty's statement to Sergeant Nitta

3

tended to make the existence of one or more facts of consequence to the determination of whether Kasty was guilty of Assault in the Second Degree more probable than if the statement had not been admitted. The statement's relevance is not conditioned on the admission of evidence that they were married.

(2) Kasty's first argument that there was no substantial evidence to support his conviction is based on his argument that it was plain error to admit his statement that he stabbed his wife. Accordingly, we reject this argument.

Kasty further argues that, even with his statement that he stabbed his wife, there was a lack of substantial evidence from which the jury could have concluded that he intentionally, knowingly, recklessly, or negligently stabbed SP in the back because there was no evidence from which the jury could have concluded which of those four states of mind he was acting under.

It is well-established that, in reviewing the sufficiency of the evidence, the "evidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction[.]" State v. Sprattling, 99 Hawaiʻi 312, 317, 55 P.3d 276, 281 (2002) (citation and original brackets omitted). "The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact." Id. (citation omitted). Substantial

evidence has been described as "evidence which a reasonable mind might accept as adequate to support the conclusion of the fact finder." State v. Mitchell, 94 Hawaiʻi 388, 393, 15 P.3d 314, 319 (App. 2000) (citation omitted). Moreover, "an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." Sprattling, 99 Hawaiʻi at 317, 55 P.3d at 281 (citation and brackets omitted). Finally, "[g]iven the difficulty of proving the requisite state of mind by direct evidence in criminal cases, [the Hawaiʻi Supreme Court] ha[s] consistently held that . . . proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient." See State v. Batson, 73 Haw. 236, 254, 831 P.2d 924, 934 (1992) (citations, internal quotation marks, and original brackets omitted).

To prove the mens rea element of Assault in the Second Degree pursuant to HRS § 707-711(1)(a) or (b), the State needed to establish, beyond a reasonable doubt, that Kasty caused SP's injury with a reckless, knowing, or intentional state of mind.[3]

---

[3]     HRS § 702-206 (2014) provides, in relevant part:

> **§ 702-206  Definitions of states of mind.**  (1) "Intentionally."
>
> (a)   A person acts intentionally with respect to his conduct when it is his conscious object to engage in such conduct.
>
> (b)   A person acts intentionally with respect to attendant circumstances when he is aware of the
>
> (continued...)

To prove Assault in the Second Degree pursuant to HRS § 707-711(1)(d), the State needed to establish, beyond a reasonable doubt, that Kasty caused bodily injury to SP with a dangerous

---

[3](...continued)
existence of such circumstances or believes or hopes that they exist.

(c) A person acts intentionally with respect to a result of his conduct when it is his conscious object to cause such a result.

(2) "Knowingly."

(a) A person acts knowingly with respect to his conduct when he is aware that his conduct is of that nature.

(b) A person acts knowingly with respect to attendant circumstances when he is aware that such circumstances exist.

(c) A person acts knowingly with respect to a result of his conduct when he is aware that it is practically certain that his conduct will cause such a result.

(3) "Recklessly."

(a) A person acts recklessly with respect to his conduct when he consciously disregards a substantial and unjustifiable risk that the person's conduct is of the specified nature.

(b) A person acts recklessly with respect to attendant circumstances when he consciously disregards a substantial and unjustifiable risk that such circumstances exist.

(c) A person acts recklessly with respect to a result of his conduct when he consciously disregards a substantial and unjustifiable risk that his conduct will cause such a result.

(d) A risk is substantial and unjustifiable within the meaning of this section if, considering the nature and purpose of the person's conduct and the circumstances known to him, the disregard of the risk involves a gross deviation from the standard of conduct that a law-abiding person would observe in the same situation.

instrument, and Kasty did so intentionally or knowingly.[4] Kasty argues that there was insufficient evidence of his state of mind as to both of these alternatives.

Here, the evidence at trial included the testimony of Deborah Taaga (**Taaga**), who was employed as a security guard at Lighthouse Outreach Center, a homeless shelter, on the day of the incident. Taaga testified that she had spoken to Kasty several times before that day. Taaga got involved when SP approached her and asked her to escort Kasty out and showed her a red spot on her back that was maybe three to four inches in diameter. Kasty was walking away. Taaga started walking after him and then Kasty started running. Taaga testified that another person, Mark, caught Kasty before she caught up and detained him in the parking lot of the Waipahu Shopping Plaza. There was a knife on the ground near where Kasty was on the ground, which Taaga identified at trial (State's Exhibit 12). Taaga said that Kasty was reaching for the knife, and Taaga kicked it away. Kasty then started apologizing to Taaga "countless" times, saying "sorry, Deborah" over and over again.

Mark Junior Failauga (**Failauga**) testified that, on the date of the incident, he saw a person later identified as Kasty being chased by a couple of security guards and Failauga

---

[4] HRS § 707-700 (2014) provides, *inter alia*, that "'Dangerous instrument' means any . . . weapon, device, instrument, material, or substance, whether animate or inanimate, which in the manner it is used or is intended to be used is known to be capable of producing death or serious bodily injury."

immediately started chasing after Kasty. Failauga was the first person to catch Kasty and he tackled him in the area of the shopping center about 130 yards from the Lighthouse Outreach Center. After he tackled Kasty, Failauga saw "some type of weapon fly under the car." At first he thought it was a paving tool because of the way it was shaped and bent. At trial, he identified the object flung under the car as State's Exhibit 12.

Sergeant Nitta testified that, when he arrived at the scene of the incident, he saw that Kasty was handcuffed in the back seat of a police car. As Sergeant Nitta was talking to another HPD officer, Kasty called to them through the closed window. Sergeant Nitta wanted to make sure that Kasty did not need medical attention and opened the car door and asked Kasty if he was alright. Kasty replied, "Yeah. Yeah, I arrested. I stabbed my wife."

Richard Perron (**Perron**) testified that he was employed as an evidence specialist by HPD. Perron testified about his observations of SP's wound and her recovered clothing that was soaked with a blood-like substance. Perron also testified concerning State's Exhibit 12, which he described as the knife that one of the officers recovered at the scene of the incident. Perron testified that the knife was a Mercer brand kitchen knife with a six-and-one-half-inch blade and a five-and-one-half-inch handle, with about a one-inch taper, and that it was bent at the

hilt. When he recovered the knife, Perron noticed an unknown blood-like substance staining the tip.

Viewing all of the evidence (including the above) and all reasonable inferences in the light most favorable to the prosecution, we conclude that there was substantial evidence to support the jury's conclusion that Kasty intentionally or knowingly caused bodily injury to SP with a dangerous instrument, and that there was substantial evidence that Kasty acted with a reckless, knowing, or intentional state of mind when he caused substantial bodily injury to SP.

For these reasons, the Circuit Court's May 1, 2019 Judgment, August 12, 2020 Amended Judgment, and June 23, 2021 Second Amended Judgment are affirmed.

DATED: Honolulu, Hawaiʻi, June 30, 2021.

On the briefs:

William H. Jameson, Jr.,
Deputy Public Defender,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge